UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Delphina J., <br><br> Plaintiff, <br><br> v. <br><br> Nancy A. Berryhill, Deputy Commissioner of Social Security Operations, <br><br> Defendant. | CASE NO. 2:18-cv-00633-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes Administrative Law Judge Keith Allred ("ALJ Allred") erred when he failed to properly assess the medical opinion evidence of examining psychologist, Curtis Greenfield, Psy.D. Had ALJ Allred properly considered Dr. Greenfield's opinion, the residual functional capacity ("RFC") may have included additional limitations.

1  ALJ Allred's error is therefore harmful, and this matter is reversed and remanded
2 pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security
3 ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On April 5, 2011, Plaintiff filed applications for DIB and SSI, alleging disability as of June 1, 2011. *See* Dkt. 8, Administrative Record ("AR") 9, 68-70. The applications were denied upon initial administrative review and on reconsideration. *See* AR 9, 68-93. On June 13, 2013, ALJ Robert P. Kingsley ("ALJ Kingsley") held the first hearing and issued a decision finding Plaintiff was not disabled on July 25, 2013 ("2013 Decision"). AR 9-25, 35-67. In May 2015, the Appeals Council denied review. AR 1-4. Plaintiff appealed the 2013 Decision to the United States District Court for the Western District of Washington ("Court"). AR 1-4, 727-36. On September 1, 2016, District Judge Richard A. Jones issued an Order Reversing and Remanding for Further Administrative Proceedings ("Remand Order"). AR 727-36. On November 10, 2016, the Appeals Council issued an Order vacating the 2013 Decision and remanding the case for further proceedings. AR 742-43.

On September 27, 2017, ALJ Allred held a second hearing. AR 626, 649-72. On January 20, 2018, ALJ Allred again determined Plaintiff to be not disabled ("2018 Decision"). AR 626-40. Plaintiff did not seek review of the 2018 Decision by the Appeals Council, making the 2018 Decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff now appeals the 2018 decision.

In Plaintiff's Opening Brief, Plaintiff maintains ALJ Allred erred by failing to: (1) fully follow the Remand Order and (2) properly assess the medical opinion evidence. Dkt. 10. Plaintiff argues as a result of these errors, an award of benefits is warranted. *Id.* at 13.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

I.      Whether ALJ Allred failed to fully follow the Remand Order.

In the Remand Order, Judge Jones found substantial evidence did not support ALJ Kingsley's findings in the 2013 Decision that Plaintiff's joint-related physical impairments were non-severe. AR 12-13, 734-35. In determining this error was not harmless, Judge Jones held:

> In formulating the RFC [ALJ Kingsley] found "there is no evidence that the claimant's [physical] condition could not be managed with a conservative diet, exercise, and vitamin supplementation." [AR] 18. However, the basis for this conclusion is unclear as there is no medical opinion in the record to that effect. [ALJ Kingsley] further found that "even with claimant's myalgia and rheumatoid arthritis she is able to perform household chores such as washing dishes and sweeping." [AR 18]. However, the fact that [Plaintiff] can wash dishes and sweep does not support a finding she can perform *all* levels of work (as provided in the RFC) or the ultimate determination that she can perform the medium level of work required of a warehouse worker/stores laborer [her past relevant work]. 20 C.F.R. § 404.1567(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.").

AR 735-36 (emphasis original).

The Remand Order specifically directed an ALJ to "complete the initial five step disability inquiry including the effects of [drug addiction or alcoholism] DAA and reevaluate [Plaintiff's] joint[-]related physical impairment at [S]tep [T]wo." AR 736.

On remand, in the 2018 Decision, ALJ Allred found Plaintiff has the resulting severe physical impairment related to her joints: undifferentiated connective tissue disease vs. mixed

connective tissue disease with positive antinuclear antibody ("ANA"). AR 630. The parties agree ALJ Allred remedied the Step Two error in the 2018 Decision. Dkt. 10, 11, 12.

However, Plaintiff argues ALJ Allred erred in the 2018 Decision when he found Plaintiff capable of medium exertional work, which was contrary to the Remand Order. Dkt. 10 at 2-4; AR 634 (finding Plaintiff has the RFC to complete medium work with limitations). Plaintiff argues Judge Jones "indicated Plaintiff would be unable to perform her past relevant medium exertional work…." Dkt. 10 at 3. However, Judge Jones did not make such a finding as to whether Plaintiff could perform her past relevant work. Rather, Judge Jones found ALJ Kingsley erred in the 2013 Decision when he found Plaintiff had no severe physical impairments related to her joints. AR 735. Judge Jones reasoned ALJ Kingsley's 2013 Decision was not based on substantial evidence because "the fact that [Plaintiff] can wash dishes and sweep does not support … the ultimate disability determination that she can perform the medium level of a warehouse worker/stores laborer [her past relevant work]." AR 735. Judge Jones did not make a finding regarding whether Plaintiff would be able to perform medium level or her past relevant work, and instead, remanded the case for further proceedings specifically to re-evaluate Plaintiff's physical impairments at Step Two. AR 735-36. Therefore, the Court concludes ALJ Allred's 2018 Decision with respect to the Step Two finding and Plaintiff's physical impairments was not contrary to this Court's Remand Order. On remand, the ALJ need not provide a new assessment of the Step Two finding or Plaintiff's physical impairments.

II. Whether ALJ Allred failed to properly assess the medical opinion evidence.

Plaintiff argues ALJ Allred erred by failing to properly assess the opinion of four examining psychologists, Curtis Greenfield, Psy.D., Richard Washburn, Ph.D., Richard G. Peterson Ph.D., and J. Alex Crampton, Psy.D. Dkt. 10.

A. <u>Dr. Greenfield, Examining Psychologist</u>

Plaintiff argues ALJ Allred erred in his assessment of Dr. Greenfield's opinion. Dkt. 10 at 9-10. Plaintiff argues this was "especially egregious considering Dr. Greenfield's more restrictive limitations were consistent with the opinions of Drs. Washburn and Peterson …." Dkt. 10 at 9-10. Defendant argues even if Dr. Greenfield's assessed limitations were credited, they would not support a finding of disability. Dkt. 11 at 5.

In March 2014, Dr. Greenfield examined Plaintiff. AR 912-16. Dr. Greenfield conducted a clinical interview and mental status examination and diagnosed Plaintiff with major depressive disorder, recurrent, severe with psychotic features. AR 912-16. Dr. Greenfield noted Plaintiff's rate of speech was below normal limits, mood was okay, and affect was blunted. AR 915. Dr. Greenfield noted Plaintiff's perception and abstract thought process were not within normal limits. AR 916.

Dr. Greenfield found Plaintiff had moderate limitations[1] in her ability to: perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; perform routine tasks without special supervision; adapt to changes in a routine work setting; make simple work-related decisions; ask simple questions or request assistance; communicate and perform effectively in a work setting; complete a normal work day and work week without interruptions from psychologically based symptoms; maintain appropriate behavior in a work setting; and set realistic goals and plan independently. AR 914 (concentration, persistence and pace; attendance; and adaption limitations). Dr. Greenfield opined Plaintiff had no limitations or mild limitations in her ability to understand, remember, and persist in tasks by following short and simple instructions, as well as detailed instructions; learn

---

[1] Defined as "significant limits on the ability to perform one or more basic work activity." AR 914.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 5

new tasks; and be aware of normal hazards and take appropriate precautions. AR. 914. Dr. Greenfield opined, "[p]sychologically, the client appears to have some ability to work in a minor capacity post success in therapy." AR 915.

ALJ Allred assigned significant weight to Dr. Greenfield's opinion Plaintiff had no limitations or mild limitations in her ability to understand, remember and persist in tasks by following very short and simple instructions, as well as detailed instructions. AR 637. ALJ Allred reasoned this portion of Dr. Greenfield's opinion was consistent with the objective findings and Plaintiff's presentation with treating counselor, Maria Brucken, ARNP, who consistently observed Plaintiff presented with intact cognitive functioning and appropriate thought content. AR 637 (citing AR 982-989, 1034, 1039, 1044, 1049, 1054, 1059, 1064, 1069, 1073-74, 1084).

With respect to Plaintiff's moderate limitations, ALJ Allred assigned partial weight to this portion of Dr. Greenfield's opinion. AR 637. ALJ Allred reasoned Dr. Greenfield's opined moderate limitations were "not equivalent to a disabling functional limitation" and were not consistent with Plaintiff's presentation to Ms. Brucken, Billie Atwood, ARNP, Manudeep Kaur Mahal, M.D., and Chad Ulrich, M.D., "which revealed few, if any, deficits." AR 637 (citing AR 931, 1034, 1039, 1044, 1049, 1054, 1059, 1064, 1069, 1135, 1139).

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035,

1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

   *1. Moderate Limitations*

ALJ Allred found Dr. Greenfield's " 'moderate' limitation is not equivalent to a disabling functional limitation." AR 637. First, aside from this conclusory statement, ALJ Allred fails to explain why Plaintiff's moderate limitations are not disabling or specifically identify which aspects of Dr. Greenfield's fail to demonstrate a "disabling functional limitation." *See* AR 637. This approach is inadequate. *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion). Moreover, the Ninth Circuit has held the failure to consider "moderate limitations" on the non-exertional functioning of a disability claimant required remand. *See Andrews v. Shalala*, 53 F.3d 1035, 1044 (9th Cir. 1995).

Defendant argues Dr. Greenfield's prognosis Plaintiff may be able to work with successful therapy does not compel a finding of disability. Dkt. 11 at 5. It appears Defendant is arguing Dr. Greenfield's opinion was speculative. *See id.* First, this was not a reason relied on by ALJ Allred and according to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA,* 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947) (other citation omitted)). Moreover, Dr. Greenfield's

1 | opinion Plaintiff appeared to have some ability to work in a minor capacity "post success in
2 | therapy[,]" AR 915, does indicate the lack of a disabling functional limitation. *See Jarvis v.*
3 | *Berryhill*, 722 F. App'x 616 (9th Cir. 2018) (finding the ALJ's error was not harmless when the
4 | ALJ failed to evaluate a consultative examiner's opinion that claimant was seriously impaired by
5 | post-traumatic stress disorder (PTSD) and needed a year of vigorous psychiatric treatment
6 | before he might be able to return to work in the daytime). Doctors routinely provide opinions
7 | regarding what is likely, or on a more likely than not basis, which does not render their
8 | opinion speculative and irrelevant. *See, e.g., Stone v. Astrue,* 303 Fed. Appx. 394, 395 (9th Cir.
9 | 2008) ("many of the doctors who examined Stone, including Dr. Redfern himself, observed that
10 | Stone's symptoms were likely related to psychological issues") (unpublished memorandum
11 | opinion); *Schmidt v. Astrue,* 173 Soc. Sec. Rep. Srvc. 795, 2012 U.S. Dist. LEXIS 2207 at *30
12 | (N.D. Iowa 2012) ("it is clear that all of her doctors agreed that her hospitalization was more
13 | likely than not related to her underlying liver condition") (citations to record omitted). Therefore,
14 | this is not a specific and legitimate reason supported by substantial evidence for rejecting Dr.
15 | Greenfield's opinion.

    *2. Inconsistent with Other Evidence*

17 | ALJ Allred found Dr. Greenfield's moderate limitations were not consistent with
18 | Plaintiff's presentation to Ms. Brucken, Ms. Atwood, Dr. Mahal, and Dr. Ulrich. AR 637 (citing
19 | AR 931, 1034, 1039, 1044, 1049, 1054, 1059, 1064, 1069, 1135, 1139).

20 | First, "[t]o say that medical opinions are not supported by sufficient objective findings or
21 | are contrary to the preponderant conclusions mandated by the objective findings does not
22 | achieve the level of specificity our prior cases have required, even when the objective factors are
23 | listed seriatim." *Embrey,* 849 F.2d at 421. Other than providing citations to various pages in the
24 |

record, ALJ Allred failed to explain how Dr. Greenfield's opinion conflicted with the opinions of Dr. Mahal, Dr. Ulrich, Ms. Brucken, and Ms. Atwood. *See* AR 637 (citing AR 931, 1034, 1039, 1044, 1049, 1054, 1059, 1064, 1069, 1135, 1139). Here, "[ALJ Allred] merely states that the objective factors point toward an adverse conclusion and makes no effort to relate any of these objective factors to any specific medical opinions and findings he rejects. This approach is inadequate." *Embrey,* 849 F.2d at 422.

In addition, Ms. Atwood, Dr. Ulrich, and Dr. Mahal treated Plaintiff for her physical impairments. AR 931 (Dr. Mahal's treatment note – Plaintiff was seen for follow up on hypertension); 981-1019 (Ms. Atwood's treatment notes – Plaintiff treated for mixed connective tissue disease); 1135 and 1139 (Dr. Ulrich's treatment notes – Plaintiff was seen in the emergency department for vaginal discharge and a sexually transmitted infection). Therefore, this evidence shows nothing more than physicians were consulted for Plaintiff's physical impairments, and not for her mental impairments. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (lack of references to mental impairments in reports prepared by doctors who were consulted for other reasons "is not probative of anything except the fact that these physicians were consulted for other matters.").

ALJ Allred also discounted Dr. Greenfield's opinion as inconsistent with the opinion of Ms. Brucken. AR 637. However, the record reflects during some visits with Ms. Brucken, Plaintiff's judgment/insight was impaired and she continued to have symptoms from her depressive disorder and PTSD such as irritable mood, poor sleep, insomnia/nightmares, impaired memory, restricted affect, and dysphoria. *See* AR 1034, 1039, 1044, 1054, 1063-64, 1073-74, 1078-79, 1162, 1166. Therefore, ALJ Allred's reliance on Ms. Brucken's treatment notes not a sufficient basis for undermining Dr. Greenfield's opinion. *See Holohan v. Massanari*, 246 F.3d

1195, 1205 (9th Cir. 2001) (an ALJ may not properly reject a medical opinion based on a selective reliance of the relevant treatment evidence); *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (citation omitted) ("it is error for an ALJ to pick out a few isolated instances of [mental health] improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."); *Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (an ALJ must not "cherry-pick" certain observations without considering their context).

Thus, the Court concludes ALJ Allred's finding Dr. Greenfield's opinion was inconsistent with the opinions of Dr. Ulrich, Dr. Mahal, Ms. Atwood, and Ms. Brucken is not a specific and legitimate reason supported by substantial evidence.

*3. Harmless Error*

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Here, the RFC limited Plaintiff to medium work including the ability to understand, carry out, and remember simple instructions, respond appropriately to supervision, coworkers and usual work situations, and deal with changes in a routine work setting. AR 634. The RFC also limited Plaintiff to infrequent and superficial interaction with the general public and coworkers.

AR 634. However, Dr. Greenfield found Plaintiff had moderate limitations in concentration, persistence and pace; adaptation; and attendance including her ability to maintain regular attendance, be punctual within customary tolerances and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 914. The vocational expert testified if a hypothetical person with Plaintiff's RFC could not work 40 hours a week on a regular and sustained basis, would be absent two or more days per month, or would be off-task 15% of the time, such an individual would be precluded from full-time competitive employment. AR 670. As the ultimately disability decision may have changed, ALJ Allred's error is not harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination.") (citations and quotations omitted); *see also Thompson v. Astrue*, 2012 WL 4513724, at *4 (C.D. Cal. Oct. 2, 2012) (holding ALJ's error in failing to discuss consultative psychiatrist's opinions regarding mild to moderate limitations completing complex tasks, handling normal stresses at work, and completing a normal work week without interruption not harmless where RFC was limited to moderately complex tasks up to four to five steps). The ALJ is directed to re-evaluate Dr. Greenfield's opinion on remand.

  B. <u>Drs. Washburn and Peterson, Examining Psychologists</u>

  Plaintiff next argues ALJ Allred failed to properly consider medical opinion evidence from Drs. Washburn and Peterson by failing to comply with the previous Remand Order from this Court. Dkt. 10 at 7-8. Defendant argues the Court should decline to address this issue, as the Court previously found no error. Dkt. 11 at 4-5.

  Both the "law of the case doctrine and the rule of mandate apply in the social security context." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Under the rule of mandate, "the

mandate of a higher court is controlling as to matters within its compass." *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 168 (1939). A lower court is generally "bound to carry the mandate of the upper court into execution and [may] not consider the questions which the mandate laid at rest." *Id.*

Similarly, under the law of the case doctrine, "[t]he decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (quoting *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) (internal quotations omitted)). Therefore, a court is precluded from revisiting issues which have been decided – either explicitly or implicitly – in a previous decision of the same court or a higher court. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). The doctrine of the law of the case "is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at 567.

Additionally, "as a general principle, the United States Supreme Court has recognized that an administrative agency is bound on remand to apply the legal principles laid down by the reviewing court." *Ischay v. Barnhart,* 383 F.Supp.2d 1199, 1213–1214 (C.D. Cal. 2005); *see Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (citations omitted) (deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review). Accordingly, on remand, the ALJ must follow the specific instructions of the reviewing court. *See Stacy*, 825 F.3d at 567-69.

1. *The Court's Remand Order*

In June 2011, Richard Washburn, Ph.D., examined Plaintiff. AR 379-383. Dr. Washburn diagnosed Plaintiff with PTSD, chronic and severe; dysthymic disorder, severe; generalized

anxiety disorder; panic disorder, with mild agoraphobia; and personality disorder, not otherwise specified ("NOS"), with dependent features. AR 381. Dr. Washburn opined Plaintiff had severe limitations[2] in her ability to: community and perform effectively in a work setting with public or limited contact and maintain appropriate behavior in a work setting. AR 382.

In May 2012, Richard Peterson, Ph.D., examined Plaintiff. AR 473-87. Dr. Peterson diagnosed Plaintiff with major depressive disorder, recurrent, severe without psychotic features and PTSD with anxiety and panic attacks. AR 475. Dr. Peterson opined Plaintiff would have moderate limitations[3] in her ability to understand, remember and persist in tasks following simple and complex instructions; ability to learn new tasks; and ability to be aware of normal hazards and take appropriate precautions. AR 476. Dr. Peterson opined Plaintiff had marked limitations[4] in her ability to maintain appropriate behavior in a work setting. AR 476.

In the 2013 Decision, ALJ Kingsley assigned little weight to Dr. Washburn's opinion finding the mental status examination was "very limited" and his opinion was primarily based on Plaintiff's self-reports. AR 686. ALJ Kingsley also assigned little weight to Dr. Peterson's opinion, finding it was "an overestimate of claimant's limitations based on a snap shot of the claimant's functioning[,]" based heavily on Plaintiff's self-reports, and inconsistent with the longitudinal record. AR 686.

On Plaintiff's first appeal to this Court, the Court found ALJ Kingsley harmfully erred in his 2013 Decision by failing to properly address Plaintiff's physical impairments and failing to perform a DAA analysis. AR 728-36. Accordingly, the Court issued the Remand Order,

---

[2] Defined as an inability to perform one or more basic work-related activities. AR 381.
[3] Defined as significant interference in the individual's ability to perform basic work related activities of communicating and understanding and following directions. AR 476.
[4] Defined as very significant interference in the individual's ability to perform basic work related activities of communicating and understanding and following directions. AR 476.

remanding the matter for further proceedings. AR 728-36. The Remand Order did not discuss the weight assigned to the opinions of Drs. Washburn and Peterson. *See id.*

Pursuant to the Remand Order, the Appeals Council issued an Order on November 10, 2016, vacating the 2013 Decision and remanding the case to an ALJ for further proceedings consistent with the Remand Order. AR 742. The Appeals Council directed the ALJ to offer Plaintiff a new hearing, take any further action needed to complete the administrative record, and issue a new decision. AR 742-43.

2. *The ALJ's Current Decision*

In ALJ Allred's 2018 decision, he stated "[n]either the Appeals Council nor the District Court found deficits in the opinion evidence analysis, and I incorporate these opinions herein[.]" AR 627. Plaintiff argues ALJ Allred's analysis requires the Court to "guess at the invisible mental processes [ALJ Allred] utilized in weight this probative evidence[]" of Drs. Washburn and Peterson. Dkt. 10 at 8.

3. *Analysis*

Neither Plaintiff nor Defendant cite any case law indicating whether the law of the case doctrine prohibits the Court from deciding an issue that the Court previously found no error. Dkt. 10, 11, 12. Case law from this district suggests the law of the case doctrine does not apply because the opinions now challenged were not addressed in the Remand Order. *See Bartell v. Astrue*, 2012 WL 6878911, at *5 (W.D. Wash. Dec. 21, 2012) (law of the case doctrine did not apply because "[w]hile the Court agrees that the Plaintiff is barred from relitigating the first credibility determination that was affirmed in the remand order, the issue now complained of was not addressed in the first decision or the remand order"); *Holmes v. Colvin*, 2016 WL 6943775, at *2 (W.D. Wash. Nov. 28, 2016) (declining to apply the law of the case doctrine

where "the particular rationale" the ALJ used to discount opinions "could not have been affirmed by this Court previously, as they were not part of the previous written decision"); *Haydo v. Colvin*, 2014 WL 2478120, at *3 (W.D. Wash. June 3, 2014) (law of the case doctrine did not apply in part because the ALJ "treat[ed] this evidence differently" in the current ALJ decision than in the previous ALJ decision).

Similarly, here, ALJ Kingsley's rejection of the opinions of Drs. Washburn and Peterson was not previously addressed by this Court, either explicitly or by implication. *See* AR 728-36. Instead, the Court concluded ALJ Kingsley erred in his 2013 Decision by failing to properly address Plaintiff's physical impairments and failing to perform a DAA analysis. AR 728-36. Under such circumstances, case law from this district supports re-evaluation of the medical opinion evidence. Nevertheless, in any event, remand in this case is inevitable due to ALJ Allred's harmful error regarding Dr. Greenfield's opinion. *See* Section II.A., *supra*. Plaintiff contends the opinions of Drs. Washburn and Peterson were consistent with Dr. Greenfield's opinion and would have resulted in greater limitations if they had been properly considered. Dkt. 10 at 9. Because reconsideration of Dr. Greenfield's opinion may change the treatment of the opinions of Drs. Washburn and Peterson, the Court declines to consider whether ALJ Allred erred in incorporating ALJ Kingsley's 2013 Decision with respect to the opinions of Drs. Washburn and Peterson. On remand, the ALJ is directed to explicitly assess the opinions of Drs. Washburn and Peterson and consider whether their opinions should continue to receive little weight.

C. Dr. Crampton, Examining Psychologist

Plaintiff also argues ALJ Allred erred by assigning considerable weight to Dr. Crampton's opinion. Dkt. 10 at 10. Dr. Crampton examined Plaintiff in October 2016. AR 1123-

27. Dr. Crampton administered the Test of Memory Malingering ("TOMM")[5] and based on the test results, diagnosed Plaintiff as malingering and rule out depressive disorder due to physical condition. AR 1124. Because Dr. Crampton diagnosed Plaintiff as malingering, Dr. Crampton indicated he could not provide an opinion regarding Plaintiff's work-related limitations. AR 1125-26. ALJ Allred gave Dr. Crampton's findings considerable weight based on the objective findings. AR 638. Plaintiff contends she has consistently been diagnosed with depressive disorder, and none of the other providers in the record expressed the opinion Plaintiff was malingering or exaggerating her symptoms, thus ALJ Allred's interpretation of the evidence was not reasonable or rational. Dkt. 10 at 11 (citing *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017)).

Because the Court concludes ALJ Allred erred in his evaluation of Dr. Greenfield's opinion, on remand, the ALJ should consider whether, in light of the reevaluation, Dr. Crampton's opinion should continue to receive considerable weight. The ALJ should also revisit the RFC and findings at Steps Four and Five in light of this reevaluation.

### III. Remand for Further Proceedings

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when

---

[5] TOMM is a visual-recognition test designed to help mental-health practitioners distinguish between true and feigned memory impairments. *See TOMM Test of Memory Malingering*, Multi-Health Systems Inc. ("MHS"), http://www.mhs.com/product.aspx?gr=cli&id=overview&prod=tomm (last accessed October 15, 2018).

evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

In this case, the Court has determined ALJ Allred committed harmful error regarding Dr. Greenfield's medical opinion. Because outstanding issues remain regarding the medical evidence, Plaintiff's RFC, and Plaintiff's ability to perform her past relevant work or perform other jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds ALJ Allred improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 23rd day of October, 2018.

David W. Christel
United States Magistrate Judge